(Court of Appeal, Parish of Orleans.)

## N. G. SCOTT vs. BENEDICT & COMPANY ET ALS.

Emile Pomes for plaintiff and appellee.

P. S. Benedict attorney.

R. F. Meunier for appellant.

GODCHAUX, J.—On January 20, 1899, there was rendered a judgment in favor of N. G. Scott, appellee herein, and against the ordinary partnership of Benedict & Company, and also against Harry W. Benedict and Miss Jesse P. Benedict, as members of said firm, each for one-half the amount of the judgment. The citation on which this judgment was based was addreseed to the commercial firm of Benedict & Company, and the individual members thereof, Harry W. Benedict and Miss Jesse P. Benedict, and was served, as shown by the Sheriff's return indorsed on its reverse, on "the commercial firm of Benedict & Company and the individual members thereof, Harry W. Benedict and Miss Jesse P. Benedict, defendants herein, by personal service on Harry W. Benedict, a member of said firm."

Prior to said judgment becoming prescribed, N. G. Scott, the present appellee, instituted proceedings against Harry W. Benedict and Miss Jesse P. Benedict, seeking its revival.

Harry W. Benedict was not cited, and Miss Jesse P. Benedict, residing in New York, there was appointed by

the Court a curator **ad hoc** to represent her. The curator **ad hoc** answered N. G. Scott's petition to revive, attacking the judgment of January 29, 1899, on the ground that, as against Miss Benedict, it had no foundation—she never having been cited—and she now appeals from a judgment reviving said judgment against her.

From the foregoing facts it would appear that the original judgment against her individually, as a partner, is null for want of citation; but appellee points to the fact that to the original petition there was filed an exception and answer, which in part recites: "Now, into court comes H. W. Benedict & Co., made defendants herein," etc., and appellee contends that such an appearance by the partnership authorized a judgment against the individual members thereof, recognizing their personal liability growing out of the partnership relation.

This contention appears to be well founded upon the authority of **Hollingsworth vs. Atkins Bros., 46 An.** 515, where a judgment was rendered personally against the parties jointly after a voluntary appearance had been made in the name of the firm:

"One of the defendants pleads and argues that he was not cited; that the partnership of which he was a member was not a commercial partnership, and that the service of the citation addressed to the partnership does not cure the want of citation on the partners not cited.

"The defendants having, in the name of the partnership, applied to the Court to bond the property, and having executed a forthcoming bond in favor of the Sheriff, and taken possession of the property, have cured any defect of citation, or absolute want of citation.

"Be the partnership commercial or ordinary, the fact remains that the bond was executed in the name

— 475 —

of the partnership, to whom the property seized was delivered.''

In the present instance the exception and answer was in the name of the partnership and we are unable, on principle, to distinguish it from the cited case, in so far as the latter holds that such an appearance authorized an individual judgment against the partner not personally cited.

It is ordered that the judgment of the lower Court be affirmed.

June 8, 1910.

Rehearing refused June 24, 1910.